IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEREMY STALLSWORTH,<br>Individually And On Behalf Of<br>All Others,<br><br>   Plaintiffs,<br><br>vs.<br><br>**THE NUTRO COMPANY**<br><br>   Defendant. | Case No.: 17-04180-CV-C-NKL<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Jeremy Stallsworth, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Complaint against Defendant, The Nutro Company, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Per an agreement between the Defendant and Staff Management | SMX, (SMX, LLC hereinafter refereed to as "SMX") information was obtained from a third party concerning the Plaintiff.

3. The information concerning the Plaintiff was obtained from Sterling Infosystems, Inc.

4. The information concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire, terminate, or deny compensation for all time worked.

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available.

## PARTIES

9. Plaintiff Stallsworth is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company formed under the laws of California doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This matter was originally filed in the Circuit Court of Cole County. Defendant removed the case to this Court.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

13. Plaintiff applied with SMX on or about May 15, 2017, for employment with the Defendant.

14. Plaintiff was hired and placed in a position at the Defendant's facility.

15. A consumer report was ordered concerning the Plaintiff.

16. Plaintiff was told orientation would begin on Friday.

17. Plaintiff attended orientation on Friday and was told that he would receive a call with his start date.

18. Orientation lasted approximately four (4) hours.

19. Plaintiff was supposed to be paid for the time spent at orientation.

20. A consumer report was obtained concerning the Plaintiff.

21. Plaintiff waited a few days and never received a call regarding a start date so Plaintiff called James Strange; a representative for SMX.

22. James Strange told Plaintiff that he would figure out what the hold up was and let Plaintiff know.

23. Plaintiff never received a call back.

24. SMX shared information about Plaintiff's consumer report with the Defendant.

25. Plaintiff subsequently learned that he was denied employment with the Defendant because of information in his consumer report.

26. Plaintiff was not paid for his time in orientation.

27. Plaintiff was told that he was denied employment based on his consumer report before he received the pre-adverse action letter and consumer report.

28. The pre-adverse action letter was dated June 2, 2017.

29. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused.

30. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to address and/or challenge any inaccuracy in the consumer report.

31. Defendant's denial of employment prior to the receipt of the consumer report and

the FCRA Summary of Rights left the Plaintiff confused regarding if the information in the FCRA Summary of Rights applied to the Plaintiff.

32. Denying the Plaintiff compensation for time spent in orientation is an adverse action.

33. Defendant refused to compensate the Plaintiff for orientation as a result of information in his consumer report.

34. The decision to deny the Plaintiff compensation was made before he was given a copy of his consumer report and/or Summary of Rights.

35. Defendant is aware of the FCRA.

36. Defendant has knowledge that it must comply with the FCRA.

37. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

38. Defendant's failure to provide the Plaintiff with a copy of the consumer report or a written description of his rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

39. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

40. The manner in which the Defendant utilized information from the Plaintiff's consumer report is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. Plaintiff asserts the following adverse action class defined as:

**Proposed Adverse Action Class:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after August 22, 2015, that was based, in whole or in part, on information contained in a consumer report, in violation of the FCRA.

### Numerosity

43. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiff believes that during the relevant time period, a sufficient number of Defendant's employees and prospective employees would fall within the definition of the class.

### Common Questions of Law and Fact

44. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses consumer report information to conduct evaluations on employees and prospective employees;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report;

    c. Whether Defendant's violations of the FCRA were willful;

    d. The proper measure of statutory damages and punitive damages.

### Typicality

45. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

46. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

**Superiority**

47. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

48. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further,

adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

49. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

50. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

51. Plaintiff intends to send notice to all members of the putative class to the extent

required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## **FCRA VIOLATIONS**

52. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

53. Defendant obtained a "consumer report," as defined by the FCRA, by or through SMX concerning the Plaintiff.

54. Defendant used information from Plaintiff's consumer report to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

55. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report prior to taking an adverse action.

56. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

57. Defendant's failure to provide the Plaintiff with a copy of the FCRA Summary of Rights and Consumer Report caused an injury.

58. Defendant's failure to compensate the Plaintiff for all time worked has caused the Plaintiff injury.

59. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice through outside employment counsel;

b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report or Summary of Rights before taking adverse employment action as mandated by the FCRA;

c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

60. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

61. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

62. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of

the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order finding that the Defendant breached the implied contract with the Plaintiff and other class memebrs;

i. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was submitted on September 28, 2017, via case net to all counsel of record.

/s/ C. Jason Brown
Attorney for Plaintiff